1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Jerome Mundel; Marlene Mundel,        )   No. 05-2109-PHX-ROS
                                          )
10            Plaintiffs,                 )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    LifePoint Hospital, Inc., a foreign)
13  corporation, doing business as Palo Verde)
    Hospital; Nissan Motor Co., Ltd., a)
14  Japanese corporation; Nissan North)
    America, Inc., a California corporation;)
15  The Goodyear Tire and Rubber Company,)
    an Ohio corporation, doing business as)
16  Dunlop Tires,                         )
                                          )
17            Defendants.                 )
                                          )
18  _____)

19

20        Pending before the Court is a Motion to Dismiss filed by Defendants LifePoint

21  Hospitals, Inc. ("LifePoint") and Brim Hospitals, Inc ("Brim"). The Motion alleges the Court

22  does not have personal jurisdiction over LifePoint or Brim.  In responding to this motion,

23  Plaintiffs sought leave to amend their complaint and requested LifePoint be sanctioned. For

24  the following reasons, the Motion to Dismiss will be granted in part and denied in part, the

25  Motion to Amend will be granted, and the Motion for Sanctions will be denied.

26                              **BACKGROUND**

27

28

1    On July 19, 2003, Plaintiff Jerome Mundel was traveling in California when he was

2  involved in a motor vehicle accident.  Mr. Mundel was transported to Palo Verde Hospital

3  in Blythe, California for treatment.  This hospital is located very near the California-Arizona

4  border.  Employees of Palo Verde Hospital decided to transfer Mr. Mundel to a hospital in

5  Phoenix for further treatment.  The decision to transfer Mr. Mundel allegedly caused him

6  serious injury, including permanent paralysis.  On July 18, 2005, Mr. Mundel and his wife

7  filed suit against four defendants.  One of the defendants was identified as "LifePoint

8  Hospitals, Inc., a foreign corporation, doing business as Palo Verde Hospital." (Doc. 20)

9    On December 14, 2005, LifePoint filed a Motion to Dismiss arguing that it "does not

10  own Palo Verde Hospital, nor has it ever done business as 'Palo Verde Hospital.'" LifePoint

11  argues that "Palo Verde Hospital" is a fictitious business name used by Brim Hospitals, Inc.,

12  a subsidiary of Province Healthcare Hospitals and Province Healthcare Hospitals is, in turn,

13  a subsidiary of LifePoint.  According to Plaintiffs, however, LifePoint operates hospitals in

14  Arizona and LifePoint's activities in Arizona are enough to confer personal jurisdiction.

15  After the Motion to Dismiss was filed, Plaintiffs sought leave to amend their complaint to

16  add Brim as a defendant.  Based on their belief that no reasonable attorney would argue

17  personal jurisdiction does not exist, Plaintiffs also requested LifePoint be sanctioned.

18                                    **ANALYSIS**

19  **I. Motion to Dismiss Based on Lack of Personal Jurisdiction**

20    Plaintiffs have the burden of establishing the court's personal jurisdiction over

21  LifePoint.  Because the Court wishes to resolve this issue by "relying on affidavits and

22  discovery materials without holding an evidentiary hearing, dismissal is appropriate only if

23  the plaintiff[s] ha[ve] not made a prima facie showing of personal jurisdiction." Ochoa v.

24  J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1187 (9th Cir. 2002) (quotation and

25  citations omitted).  The allegations in Plaintiffs' complaint must be taken as true and any

26  conflicts in the facts presented by the parties must be resolved in Plaintiffs' favor. Id.

- 2 -

1    "Where, as here, there is no applicable federal statute governing jurisdiction, the law
2    of the state in which the district court sits applies." Harris Rutsky & Co. Ins. Servs., Inc. v.
3    Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).  Arizona's long-arm statute
4    allows for "personal jurisdiction over parties . . . to the maximum extent permitted by the
5    Constitution of [Arizona] and the Constitution of the United States." Ariz. R. Civ. P. 5.2(a).
6    Thus, the Court "need only determine whether personal jurisdiction in this case would meet
7    the requirements of due process." Harris, 328 F.3d at 1129 (quoting Brainerd v. Governors
8    of the Univ. of Alberta, 873 F.2d 1257, 1258 (9th Cir. 1989)).  Due process is satisfied when
9    a defendant has minimum contacts with the forum "such that the maintenance of the suit does
10   not offend traditional notions of fair play and substantial justice." Id. (quoting Int'l Shoe Co.
11   v. Washington, 326 U.S. 310, 316 (1945)).

12        There are two types of personal jurisdiction, general and specific, and Plaintiffs
13   believe that both types exist in this case.  General personal jurisdiction exists when a
14   defendant "has had continuous and systematic contacts with the forum state." Id. at 1129 n.1.
15   If those contacts are established, then "jurisdiction may be asserted even if the cause of action
16   is unrelated" to the defendants' activities in the forum. Doe v. Amer. Nat'l Red Cross, 112
17   F.3d 1048, 1050 (9th Cir. 1997) (quotation omitted).  Specific jurisdiction, on the other hand,
18   is a case specific inquiry that allows for jurisdiction when a foreign defendant's "less
19   substantial contacts with the forum give rise to the cause of action before the court." Doe v.
20   Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001).  The relevant inquiry is "whether the cause
21   of action arises out of or has a substantial connection" with the defendant's actions in the
22   forum. Id. (quoting Hanson v. Denckla, 357 U.S. 235, 250-53 (1958)).  The Court will
23   address the application of both general and specific jurisdiction over LifePoint and Brim.

24   **II. LifePoint**

25        LifePoint claims that it does not have sufficient contacts with the State of Arizona to
26   support either general or specific jurisdiction.  In an affidavit attached to the Motion to
27   Dismiss, the Vice President and Associate General Counsel of LifePoint provided details
28

1   regarding LifePoint's connections to the State of Arizona.  According to that affidavit,
2   LifePoint is a Delaware corporation with a principal place of business in Brentwood,
3   Tennessee.  (Doc. 15, attachment A)  Approximately one year ago, LifePoint acquired
4   Province Healthcare Company and its subsidiaries; one of those subsidiaries is Brim, the
5   owner of Palo Verde Hospital.  LifePoint "did not transact any business in Arizona in 2003"
6   and "[i]n 2003, LifePoint was not registered as a foreign corporation in Arizona" nor was
7   there any "designated agent to accept service of process on [LifePoint's] behalf."  (Id.)
8   Plaintiff's response does not directly address these contentions.

9          Plaintiffs claim that LifePoint is operating hospitals in Arizona, but according to the
10  evidence produced by Lifepoint, the activities cited by Plaintiffs are attributable to distinct
11  corporate entities.  LifePoint concedes that some of its subsidiaries have contact with
12  Arizona, but does not believe that those contacts should be attributed to allow personal
13  jurisdiction.  LifePoint is correct that "[t]he existence of a relationship between a parent
14  company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent
15  on the basis of the subsidiaries' minimum contacts with the forum."  Doe v. Unocal Corp.,
16  248 F.3d 915, 925 (9th Cir. 2001).  A subsidiary's contacts may be imputed to the parent
17  corporation when "the parent and subsidiary are not really separate entities, or one acts as an
18  agent of the other;" but plaintiffs do not allege or provide any evidence that these exceptions
19  apply.  Id.  By failing to show that actions of its subsidiaries should be imputed to LifePoint,
20  Plaintiffs have failed to provide evidence of *any* relevant contact between LifePoint and the
21  State of Arizona.  Both general and specific jurisdiction require a showing of some contact
22  between the defendant and the forum.  See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell &
23  Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (setting forth the tests for both general
24  and specific jurisdiction).  Therefore, Plaintiffs have failed to meet their burden of a "prima
25  facie showing of personal jurisdiction" over LifePoint.  Ochoa v. J.B. Martin and Sons
26  Farms, Inc., 287 F.3d 1182, 1187 (9th Cir. 2002) (quotation and citations omitted).
27  LifePoint's Motion to Dismiss will be granted.

28

1   **III. Brim**

2   As recognized by Defendant LifePoint, Brim was the entity operating Palo Verde
3   Hospital at the time Plaintiff was injured. (Doc. 15 p. 6)  Defendant LifePoint originally
4   claimed that "[t]here is no evidence that the hospital ever specifically targeted Arizona
5   residents as patients." (Doc. 15 p. 7)  But LifePoint now acknowledges that Palo Verde
6   Hospital may have been advertising in Arizona in 2003. (Doc. 26 exhibit 2)  The extent of
7   Palo Verde Hospital's activities in Arizona is presently unknown and those activities have
8   a direct bearing on the exercise of jurisdiction over Brim.  As recognized by the Ninth
9   Circuit, "where pertinent facts bearing on the question of jurisdiction are in dispute,
10  discovery should be allowed." America West Airlines, Inc. v. GPA Group, Ltd., 877 F.2d
11  793, 801 (9th Cir. 1989).  Therefore, Brim will not be dismissed at this time and discovery
12  will be allowed to proceed.  Once sufficient discovery has been conducted, and the extent of
13  Brim's activities in Arizona becomes clear, Brim may file a Motion to Dismiss based on lack
14  of personal jurisdiction if appropriate.

15  **IV. Motion to Amend**

16  Plaintiffs filed a Motion to Amend their complaint, seeking to add Brim as a
17  defendant.  Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be
18  freely given when justice so requires."  In its Reply, LifePoint recognized that allowing the
19  addition of Brim may be appropriate. (Doc. 26 p. 1)  Also, this litigation is in its earliest
20  stages, which counsels in favor of allowing the amendment.  Big Bear Lodging Ass'n v.
21  Snow Summit, Inc., 182 F.3d 1096, 1105 (9th Cir. 1999) ("Because this litigation is still in
22  its early stages, leave should be liberally granted . . . .").  Accordingly, the Motion to Amend
23  will be granted.

24  **V. Sanctions**

25  Plaintiffs' request for sanctions was filed as a portion of their response to the Motion
26  to Dismiss and it does not appear that Plaintiffs gave advance notice to LifePoint that it
27  would seek sanctions.  These actions are directly contrary to the requirements set forth in

28

- 5 -

1  Federal Rule of Civil Procedure 11 (requiring separate motion and advance notice). The

2  request for sanctions will be denied.[1]

3         Accordingly,

4         **IT IS ORDERED** the Motion to Dismiss (Doc. 15) is **GRANTED IN PART** and

5  **DENIED IN PART.** Defendant LifePoint Hospitals, Inc. is dismissed but Defendant Brim

6  Hospitals, Inc. is not.   Plaintiff is entitled to conduct discovery regarding this Court's

7  jurisdiction over Brim Hospitals, Inc.

8         **IT IS FURTHER ORDERED** Plaintiffs' Motion to Amend (Doc. 20) is **GRANTED**.

9  The Proposed Amended Complaint shall be accepted and filed.

10        **IT IS FURTHER ORDERED** Plaintiffs' request for sanctions is **DENIED**.

11        DATED May 12 2006

12

13                                    Roslyn O. Silver

14                                    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26
_____

27      [1] The Court can *sua sponte* issue sanctions pursuant to Rule 11. United Nat. Ins. Co.
v. R&D Latex Corp., 242 F.3d 1102, (9th Cir. 2001). In this case, the Court finds sanctions

28  are not warranted pursuant to Federal Rule of Civil Procedure 11(b)(1)-(4).