WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jerome Mundel; Marlene Mundel, | ) | No. 05-2109-PHX-ROS |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| LifePoint Hospital, Inc., a foreign corporation, doing business as Palo Verde Hospital; Nissan Motor Co., Ltd., a Japanese corporation; Nissan North America, Inc., a California corporation; The Goodyear Tire and Rubber Company, an Ohio corporation, doing business as Dunlop Tires, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant Brim Hospitals has moved to transfer this case to the Eastern Division of the U.S. District Court for the Central District of California. (Doc. 61) For the following reasons, the motion will be denied.

**BACKGROUND**

Plaintiffs Jerome Mundel and Marlene Mundel are residents of Arizona. On July 19, 2003, Plaintiff Jerome Mundel was traveling in California when he was involved in a motor vehicle accident. Mr. Mundel was transported to Palo Verde Hospital in Blythe, California for treatment. Employees of Palo Verde Hospital decided to transfer Mr. Mundel to a

1 hospital in Phoenix for further treatment. The decision to transfer Mr. Mundel allegedly caused him serious injury, including permanent paralysis. On July 18, 2005, Mr. Mundel and his wife filed suit against four defendants. Two of the defendants were dismissed pursuant to a stipulation by the parties and a third defendant was granted summary judgment. (Doc. 62, 53) The only remaining defendant is LifePoint Hospitals, Inc., doing business as Palo Verde Hospital. LifePoint believes that this case should be transferred to the Central District of California. LifePoint argues that Mr. Mundel's accident occurred in California, the alleged medical malpractice occurred in California, California law will likely apply, and most of the necessary witnesses are located in California. (Doc. 72) Plaintiffs respond that some witnesses are in Arizona and that their choice of forum should be honored. (Doc. 64)

## ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the party seeking transfer, LifePoint bears "[t]he burden of showing that transfer is appropriate." Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006). Determining whether LifePoint has met this burden requires an "individualized . . . consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quotations omitted). The Ninth Circuit has provided a number of factors a court may consider when conducting this analysis. Those factors are

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Id. at 498-99. Based on these factors, transferring the case is not appropriate.

**I. Relevant Agreements**

During his treatment at the hospital in California, Mr. Mundel executed certain agreements such as consent forms. All of those forms were executed in California. The agreements will be relevant and this factor favors transferring the case.

**II. Governing Law**

"Federal courts sitting in diversity must apply 'the forum state's choice of law rules to determine the controlling substantive law.'" Fields v. Legacy Health System, 413 F.3d 943, 950 (9th Cir. 2005) (quoting Patton v. Cox, 276 F.3d 493, 495 (9th Cir.2002)). According to Arizona law, "[c]ases sounding in tort should be resolved under the law of the state having the most significant relationship to both the occurrence and the parties with respect to the particular issue." Winsor v. Glasswerks PHX, L.L.C., 63 P.3d 1040, 1044 (Ariz. Ct. App. 2003). To determine which state has the most significant relationship a court may consider "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, place of incorporation, and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Id. In this case, the relevant injury primarily occurred in California, the conduct causing the injury occurred in California, and the parties' relationship was centered in California. Thus, it appears California law will apply. This factor also favors transferring the case.

**III. Plaintiffs' Choice of Forum**

Generally, the "plaintiff's choice of forum is given deference." Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006). In this case, both California and Arizona have relevant connections to Plaintiffs and their causes of action. Under these circumstances, Plaintiffs' choice of forum is entitled to deference.

**IV. Contacts with the Forum**

There is no dispute that Mr. Mundel's accident occurred in California and that he was transported to a California hospital, received treatment there, and was injured as a result of alleged medical malpractice there. The contacts with Arizona are that Plaintiffs reside here, Mr. Mundel suffered complications here as a result of decisions made in California, and he

received treatment here that is not the subject of this suit. Thus, the parties have sufficient contacts with Arizona to justify this action remaining here.

## V. Costs of Litigation, Ease of Access to Proof, and Compulsory Process

The costs of litigation are difficult to determine at this time. It appears likely that because the alleged medical malpractice occurred in California, the majority of witnesses involving that malpractice will be located in California. A number of relevant documents will also be located in California. Plaintiffs reside in Arizona, however, and there are certain medical witnesses in Arizona that will be required to explain Plaintiff's condition at the time he was transferred to Arizona. There are also documents regarding Plaintiff's treatment in Arizona that will be relevant at trial. Finally, compulsory process will be a challenge whether this case remains in Arizona or is transferred. As recognized by Plaintiffs, "neither the Arizona District Court nor the California Court can compel all of the witnesses to appear." (Doc. 64) In light of neither Court having the power to compel all the necessary witnesses, transferring the case to California would only change, not eliminate, the witnesses that are not subject to compulsory process. Thus, the costs of litigation, ease of access to proof, and issues regarding compulsory process do not favor transferring this case.

## VI. Interests of Justice

Plaintiffs point out that Mr. Mundel's current condition places severe restrictions on his ability to travel. (Doc. 64) Mr. Mundel requires constant care and requiring him to travel to California would take him away from "his core of physicians who continue to provide him the care necessary to try to maintain an optimal level of functioning." (Doc. 64) The "interest[s] of justice" favor allowing the case to remain in Arizona. 28 U.S.C. § 1404(a).

## VII. Conclusion

Based on an evaluation of relevant factors, transfer to the Eastern Division of the U.S. District Court for the Central District of California would not serve the "convenience of parties and witnesses" or the "interest[s] of justice." 28 U.S.C § 1404(a). The motion to transfer will be denied.

Accordingly,

**IT IS ORDERED** LifePoint's Motion for Change of Venue (Doc. 61) is **DENIED**.

DATED 8/4/06.

Roslyn O. Silver
United States District Judge